829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garris S. MCFADDEN, Plaintiff-Appellant,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO and Horace
Alston, Defendant-Appellee.
 No. 86-1727
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided September 8, 1987.
 
 Robert Rulton Dashiell (Wartzman, Rombro, Omansky, Blibaum & Simons, on brief), for appellant.
 Charles R. Goldburg (Thomas W. Gleason, Bernard J. Seval, P.A., Piper & Marbury, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, James Dickson PHILLIPS, Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal challenges the action of the International Longshoreman's Association (ILA) in removing appellant, Garris S. McFadden from his office as president of Local 333 of the ILA and disqualifying him from holding any elective or appointed ILA office for a period of three years from June 24, 1985. The removal and restrictions were directed by the Executive Board of Atlantic Coast District (ACD) of the ILA after appellant had been found guilty of acts of insubordination. Finding the appeal without merit, we affirm.
 
 
 2
 McFadden instituted this action against ILA and Horace Alston, Secretary of Local 333, for damages, asserting his removal and the ban on his holding an office in ILA were illegal because the provisions of 29 U.S.C. Sec. 411(a)5 were not complied with. That section, dealing with certain rights of members of a labor organization, provides:
 
 
 3
 (5) Safeguards against improper disciplinary action. No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.
 
 
 4
 Appellant asserts that his hearing before the Baltimore District Council (BDC) was blurred by Horace Alston's improper contacts with members of BDC, and that his hearing before the ACD Committee was not a de novo one.
 
 
 5
 Appellant, McFadden, was president and Horace Alston was the recording secretary of Local 333 of the ILA. Their annual salaries were fixed by the by-laws of the Association. In July 1984, because of financial difficulties, McFadden reduced the salary of Alston. On appeal by Alston, the BDC directed McFadden to restore Alston's salary and pay the sums withheld. Subsequently, McFadden initiated an increase in dues of the Local. This increase was challenged on the grounds that proper notice of such proposed increase had not been given. The BDC held that proper notice had not been given and referred the matter to the Local's Executive Board with direction to rescind the dues increase and hold another vote of the membership following proper notice. The Executive Board sought to take that action, but McFadden ruled it out of order.
 
 
 6
 When McFadden failed to restore Alston's salary and refused to act on the dues increase, ILA Vice President John Kopp filed charges against him. The President of ILA referred the charges to the BDC. Following investigation, proper notice and a full hearing, McFadden was found guilty of refusing to obey the directives issued by BDC concerning the dues increase and Alston's salary. It ordered McFadden suspended from office as president and all other ILA positions for the period March 27 to May 31, 1985. McFadden appealed to the ACD. The Executive Committee of ACD appointed a committee of three to investigate the charge, hear the appeal and report to it. Two of the three appointed to the Committee were suggested by McFadden. On the day following the above-mentioned decision by BDC, McFadden removed Alston as recording secretary, and while the appeal was pending before the ADC, McFadden announced he intended to 'lay off' Alston. Alston appealed to the BDC, which, after hearing, suspended McFadden from office for the remainder of his term and prohibited him from holding any elective or appointive ILA office for a period of three years. McFadden appealed and requested ACD to hear this appeal along with the other one. Following several days of testimony, the ACD Committee issued its report finding that the failure of McFadden to rescind the dues increase and to pay Alston his salary as directed by the BDC constituted insubordination and directed that he be removed from office and barred from holding any ILA office for a period of three years. The Executive Board of ACD adopted such findings and recommendations. This action followed. McFadden asserts he was denied a full and fair hearing as required by 29 U.S.C. Sec. 411(a)(5), supra, in that the hearing before the BDC was blurred by Alston's alleged improper contacts with its members, and the hearing before the ACD Committee was not a de novo one. Following discovery, each party moved for summary judgment. The district court found there was abundant evidence to support the finding of insubordination by appellant for an extended period. However, the court was not completely satisfied that the ACD Committee, in hearing the appeal from the BDC, had considered the matter de novo. It therefore remanded the case for further consideration by ACD and directed it to consider, on a de novo review, the facts underlying the BDC's June 24, 1985 decision and the appropriateness of the disciplinary action imposed; that it must engage in this process in good faith and thereafter supplement its opinion to set forth what it did and the reasons therefor.
 
 
 7
 Pursuant thereto, the ACD Committee convened, reconsidered the matter and filed its report and recommendation. Therein, it set forth that its findings were based solely on the evidence developed by the Committee at its prior hearings, and without regard to any prior action of the BDC. It found that by persistently refusing to follow the directives of the BDC to reconsider the dues increase and Alston's salary, McFadden was guilty of insubordination and of conduct detrimental to the welfare of ILA. It recommended McFadden be disqualified from holding any elective or appointive ILA office for a period of three years retroactive to June 24, 1985. The Executive Board of ACD unanimously accepted the findings and recommendations.
 
 
 8
 After that report was filed, defendants renewed their motion for summary judgment. Finding that McFadden had been given a full and fair de novo hearing, the motion was granted and the complaint dismissed. In this appeal, McFadden contends that the action of Alston in contacting some of the members of the BDC deprived him of a full and fair hearing. However, the decision of the BDC was appealed to a higher body which conducted a de novo hearing. The record is devoid of evidence or even a suggestion that the ACD Committee was biased or prejudiced, or subject to any improper influence, or that any members of the Committee were not fully qualified to serve. Since there was a 'trial de novo, the proceedings before the [ACD Committee] cured any prior deprivation of appellant's right to a full and fair hearing.' Perry v. Milk Drivers' & Dairy Employees' Union, Local 302, 656 F.2d 536, 539 (9th Cir. 1981). See also Rosario v. Ladies' Garment Cutters' Local 10, 605 F.2d 1228, 1244-45 (2d Cir. 1979), cert. denied, 446 U.S. 919 (1980); Frye v. United Steelworkers of America, 767 F.2d 1216, 1224 (7th Cir. 1985); Goodman v. Laborers' International Union, 742 F.2d 780, 784 (3rd Cir. 1984).
 
 
 9
 McFadden's contention that the court should not have allowed the same fact-finding committee of ACD to consider the matter on remand is without merit. There was no evidence the Committee of the Executive Board acted in bad faith or that the findings of the Committee were contrary to the evidence.
 
 
 10
 Summary judgment is to be used with caution and should not be granted where there is a genuine issue of a material fact. That is, it should not be granted 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.' Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1968). However, it should be entered against a party who, after adequate time for discovery, 'fails to make a showing sufficient to establish the existence of an element assential to that party's case, and on which that party will bear the burden of proof at trial.' Celotex Corporation v. Catrett, 106 S.Ct. 2545, 2553 (1968). There being no genuine dispute of a material fact in this case, summary judgment was appropriate. The district court is therefore affirmed.
 
 
 11
 AFFIRMED.